UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY MIRAVALLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:18 CV 304 JMB |
| ) | |
| ONE WORLD TECHNOLOGIES, INC., ) | |
| d/b/a RYOBI and RYOBI POWER TOOLS, ) | |
| and HOME DEPOT, U.S.A., INC., ) | |
| d/b/a THE HOME DEPOT, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Home Depot, U.S.A., Inc.'s ("Home Depot") Motion to Dismiss (ECF No. 13). Plaintiff Timothy Miravalle ("Miravalle") has filed a response in opposition and the issues are fully briefed. The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c). For the reasons set forth below, the Court denies Home Depot's motion to dismiss.

**I.     Background**

This action arises out of the injury to Miravalle's left hand and fingers sustained while operating a Ryobi table saw ("Ryobi saw") designed, manufactured, marketed, distributed and sold by Defendants. (Complaint, ECF No. 1 at ¶ 8) The accident occurred when Miravalle operated the Ryobi saw after removing the guard assembly in order to make desired common cuts. (Id. at ¶ 10)

Miravalle brought claims for strict liability product defect (Count I), strict liability failure to

warn (Count II), and product liability, negligent manufacture, design, warn (Count III).

Home Depot has moved for dismissal under Missouri's Innocent Seller statute, Mo. Rev. Stat. § 537.762. The statute has been held to shift liability from a downstream seller to the manufacturer. See Gramex Corp. Green Supply, Inc., 89 S.W.3d 432, 445 (Mo. banc 2002). As required by the statute, Home Depot submitted with its motion an affidavit that avers in pertinent part, "[t]he table saw at issue is a product purchased from One World Technologies, Inc., sent directly to [Home Depot's] receiving facilities, and then directly sold to our customers. Home Depot does not participate in the design of the product or any warnings, alter or modify the product, test the product, or exercise any substantial control over the manufacturing of the product." (ECF No. 13-1 at ¶ 3, Affidavit of Steve Weihe)

In response, Miravalle opposes dismissal, arguing that his allegations against Home Depot go beyond its status as a mere seller in the stream of commerce by marketing the Ryobi saw, being the exclusive seller of the Ryobi saw's product brand, designing, manufacturing, distributing and/or selling the Ryobi saw.

In its reply, Home Depot contends that Miravalle's allegations are nothing more than synonyms of seller or conclusions not supported by the record.

## II. Legal Standard

Missouri's Innocent Seller statute provides:

1. A defendant may move for dismissal under this section within the time for filing an answer or other responsive pleading unless permitted by the court at a later time for good cause shown. The motion shall be accompanied by an affidavit which shall be made under oath and shall state that the defendant is aware of no facts or circumstances upon which a verdict might be reached against him, other than his status as a seller in the stream of commerce.

Mo. Rev. Stat. § 537.762.1

Missouri's Innocent Seller statute provides that "[a] defendant whose liability is based solely on his status as a seller in the stream of commerce may be dismissed from a products liability claim as provided in this section." Mo. Rev. Stat. § 537.762.1. The statute further provides that "[t]his section shall apply to any products liability claim in which another defendant, including the manufacturer, is properly before the court and from whom total recovery may be had for plaintiff's claim." Mo. Rev. Stat. § 537.762.2. Interpreting this statute, the Missouri Supreme Court held that "[t]o the extent that a plaintiff can otherwise obtain 'total recovery,' all liability of a downstream seller, who would otherwise be jointly and severally liable to plaintiff for damages and subject to contribution from the other defendants, is shifted to upstream defendants, including the manufacturer." Gramex, 89 S.W.3d at 445.

## III.    Discussion

In this diversity case, the Court applies Missouri substantive law and federal procedural law. Erie R. Co. v. Tompkins, 304 U.S. 64 (1938); General Elec. Capital Corp. v. Union Planters Bank,, N.A., 409 F.3d 1049, 1053 (8th Cir. 2005) ("In diversity cases, we apply the substantive law of the state in which the district sits."). As such, this Court must apply the substantive law set forth by the Missouri Supreme Court and its own procedural law. Under Missouri law, § 537.762 has both substantive and procedural aspects.[1]  Gramex, 89 S.W.3d at

---

[1]Miravalle's reliance on Drake v. N. Am. Phillips Corp., 204 F.Supp.2d 1204 (E.D. Mo. Apr. 23, 2002), in support of his argument that the innocent seller statute is procedural in nature, not substantive, is misplaced. The undersigned notes that the subsequent Missouri Supreme Court decision in Gramex characterized the statute as both substantive and procedural. Gramex, 89 S.W.3d at 446 ("It is clear that our legislature sought to protect 'innocent' wholesalers and retailers from the perils of products liability claims, both procedurally and substantively by section 537.762."). Relying on Gramex, more recent federal court decisions have applied the substantive provisions of the statute and have concluded that plaintiffs have no reasonable basis for recovery against local retailer defendants whose liability is based solely on their status as sellers in the stream of commerce. See Wichman v. The Proctor & Gamble Manuf. Co., 2006

445. The statute's substantive aspect provides that a downstream seller, i.e., a defendant whose liability is based solely on its status as a seller in the stream of commerce, may obtain an interlocutory order of dismissal from a products liability claim if the seller can show another defendant, including the manufacturer, is before the court, and the plaintiff can obtain total recovery against that defendant. Id. at 445; Mo. Rev. Stat. § 537.762.2; see also Sappington v. Skyjack, Inc., 338 F. App'x 551, 553 (8th Cir. 2009) (unpublished per curiam). The substantive relief offered by the statute is available to a downstream seller only when the more liable defendant is both before the court and capable of satisfying the claim. Mo. Rev. Stat. § 537.762.2; see Hoffman v. Empire Machinery & Tools Ltd., 2011 WL 3355886, at *3 (W.D. Mo. Aug. 3, 2011) (citing cases).

Home Depot does not meet the substantive requirements of § 537.762.2, which authorizes relief to an innocent seller in "any product liability claim in which another defendant, including the manufacturer, is properly before the court, *and from whom total recovery may be had for plaintiff's claim*." Mo. Rev. Stat. § 537.762.2 (emphasis added); see also Sappington, 338 F. App'x at 553. "An innocent seller under section 537.762 should not be dismissed unless the injured party is ensured that another defendant, who is not an innocent seller, is properly before the court and can satisfy the injured party's claim." Malone v. Schapun, Inc., 965 S.W.2d 177, 182 (Mo. Ct. App. 1997); Dorsey v. Sekisui Am. Corp., 79 F.Supp.2d 1089, 1091 (E.D. Mo. 1999) (quoting Mo. Rev. Stat. § 537.762.2) ("[A]n innocent seller may be dismissed only if

---

WL 3626904 (E.D. Mo. Dec. 11, 2006) (holding that, as discussed in Gramex, the substantive provisions of the innocent seller statute are applicable under the Erie doctrine); Thomas v. Brown & Williamson Tobacco Corp., 2006 WL 1194873 (W.D. Mo. Apr. 28, 2006) (citing Gramex for the proposition that "this statute has been held to be substantive, rather than a procedural device, and therefore [the innocent seller statute] is applicable in federal court); but see Fahy v. Taser Int'l, Inc., 2010 WL559249 (E.D. Mo, Feb. 10, 2010).

'another defendant, including the manufacturer, is properly before the court and from whom total recovery may be had for plaintiff's claim.'").

Home Depot attests through the Weihe affidavit that it did not participate in the design of the product or any warnings, test the product, or exercise any substantial control over the manufacturing of the Ryobi saw. Mr. Weihe does not aver that Defendant One World Technologies, Inc. is financially able to fully compensate Miravalle for his claims, nor does Home Depot offer any evidence to establish this fact. Accordingly, Home Depot's motion to dismiss under Missouri's Innocent Seller statute, Mo. Rev. Stat. § 537.762 should be denied.

Home Depot asserts that the innocent seller statute applies here because its liability is based solely on its status as a downstream seller in a products liability action, citing Spears v. Bayer Corp., 2004 WL 7081940 (W.D. Mo. Mar. 29, 2004). In that case, the court indicated that in order for the Innocent Seller Statute to apply, the defendant must "establish that its potential liability is based entirely on its status as a seller." Id. at *3. The court dismissed defendant who was the distributor and marketer of Alka-Seltzer and allowed the case to proceed against the manufacturer. Here, Home Depot only avers that it does not exercise any substantial control over the manufacturing of the Ryobi saw so at this stage of the case, Home Depot has not established "that its potential liability is based entirely on its status as a seller." Id.

## IV. Conclusion

The Court concludes that Home Depot has failed to meet the statute's requirement to establish that total recovery for Miravalle's claim may be had from another party properly before the Court. In addition, the undersigned finds that Home Depot has not established its liability is based solely on its status as a downstream seller in a products liability action. Accordingly,

'another defendant, including the manufacturer, is properly before the court and from whom total recovery may be had for plaintiff's claim.'").

Home Depot attests through the Weihe affidavit that it did not participate in the design of the product or any warnings, test the product, or exercise any substantial control over the manufacturing of the Ryobi saw. Mr. Weihe does not aver that Defendant One World Technologies, Inc. is financially able to fully compensate Miravalle for his claims, nor does Home Depot offer any evidence to establish this fact. Accordingly, Home Depot's motion to dismiss under Missouri's Innocent Seller statute, Mo. Rev. Stat. § 537.762 should be denied.

Home Depot asserts that the innocent seller statute applies here because its liability is based solely on its status as a downstream seller in a products liability action, citing Spears v. Bayer Corp., 2004 WL 7081940 (W.D. Mo. Mar. 29, 2004). In that case, the court indicated that in order for the Innocent Seller Statute to apply, the defendant must "establish that its potential liability is based entirely on its status as a seller." Id. at *3. The court dismissed defendant who was the distributor and marketer of Alka-Seltzer and allowed the case to proceed against the manufacturer. Here, Home Depot only avers that it does not exercise any substantial control over the manufacturing of the Ryobi saw so at this stage of the case, Home Depot has not established "that its potential liability is based entirely on its status as a seller." Id.

## IV. Conclusion

The Court concludes that Home Depot has failed to meet the statute's requirement to establish that total recovery for Miravalle's claim may be had from another party properly before the Court. In addition, the undersigned finds that Home Depot has not established its liability is based solely on its status as a downstream seller in a products liability action. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Home Depot U.S.A., Inc.'s Motion to Dismiss (ECF No. 13) is DENIED WITHOUT PREJUDICE.

Dated this 1st day of August, 2018.

                                                */s/ John M. Bodenhausen*
                                                JOHN M. BODENHAUSEN
                                                UNITED STATES MAGISTRATE JUDGE