UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY MIRAVALLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:18 CV 304 JMB |
| ) | |
| ONE WORLD TECHNOLOGIES, INC., ) | |
| d/b/a RYOBI and RYOBI POWER TOOLS, ) | |
| and HOME DEPOT, U.S.A., INC., ) | |
| d/b/a THE HOME DEPOT, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Timothy Miravalle's ("Plaintiff") Motion for Order Compelling Discovery Pursuant to Rule 37 (ECF No. 42). Defendant One World Technologies, Inc. ("Defendant") has responded to the motion (ECF No. 43). The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c). For the reasons set forth below, the Court will direct Defendant to supplement its responses to Plaintiff's interrogatory 14 and request for production 1 seeking other similar incident information.

**I.     Background**

This action arises out of the injury to Plaintiff's left hand and fingers sustained while operating a Ryobi table saw designed, manufactured, marketed, distributed and sold by Defendant and Defendant Home Depot, U.S.A., Inc. (Complaint, ECF No. 1 at ¶ 8)[1]  The Ryobi table saw has been identified by the parties as Model #BTS12S, with serial number XX100335784.[2] (Id. at ¶ 8)  The Ryobi table saw had a guard assembly over the blade when purchased. (Id. at ¶ 10)

---

[1] For purposes of deciding the motion, the Court accepts the facts as alleged in the Complaint.

1

The accident occurred when Plaintiff attempted to make a freehand cut into an engineered floorboard by operating the Ryobi table saw after removing the guard assembly. (Id.; ECF 43-1, Pltf's Depo. at 126)

Plaintiff brought claims for strict liability product defect (Count I), strict liability failure to warn (Count II), and product liability, negligent manufacture, design, or warn (Count III).

Plaintiff has moved for an Order compelling Defendant's responses to an interrogatory and a request for production. Interrogatory 14 asks about each incident involving a Ryobi table saw "in which a table saw users' hand or finger(s) allegedly contacted the saw blade causing physical injury." (ECF No. 42-1 at ¶ 14) Interrogatory 14 also asks for the date and the location of each incident, the model and year of the table saw involved, and the nature of the injuries sustained as well identifying any claim or lawsuit for incidents identified in response to the previous interrogatory. Defendant responds that the interrogatory "seeks information relating to table saws that are not substantially similar to the saw at issue in this case, accidents that did not occur under substantially similar circumstances to the accident in this case and accidents that occurred outside a relevant time frame." (ECF No. 42-1 at ¶ 14, Answer)

Production request 1 seeks documents relating to any injury claim resulting in a hand injury caused by contact with the blade of a Ryobi table saw. (ECF No. 42-1 at ¶ 1) In response, Defendant objects contending that the request "seeks information relating to table saws that are not substantially similar to the saw at issue in this case, accidents that did not occur under substantially similar circumstances to the accident in this case and accidents that occurred outside a relevant time frame." (ECF No. 42-1 at ¶ 1)

---

[2] "The model of table saw at issue in this case is the BTS12S. This is one of the smallest and lightest entry-level saws produced by [One World Technologies, Inc. d/b/a Techtronic Industries Power Equipment ("TTIPE")] and is significantly different than many of the other saws TTIPE sells." Declaration of Andrew Hornick at ¶ 5.

Plaintiff asserts that the information regarding hand-to-blade injuries of users of other Ryobi table saws is relevant to the issues of notice of the dangerous condition and product defect. As requested by the Court, Plaintiff proposed that the subject discovery be limited to the twelve-year period from 2000 through February 23, 2012, instead of the original request seeking all injuries known to Defendant. Defendant asserts that the discovery should be limited to the model of the table saw at issue in this case, or substantially similar models, and accidents occurring under substantially similar circumstances of Plaintiff's injury. In his Reply, Plaintiff argues that Defendant relies on cases involving evidentiary rulings at trial, not discovery disputes.

## II.     Legal Standards

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides for the discovery of any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. "Relevancy is to be broadly construed and encompass[es] any matter that could bear on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." E.E.O.C. v. Woodmen of the World Life Ins. Soc., 2007 WL 1217919, at *1 (D.Neb. Mar. 15, 2007) (internal citation omitted). Discovery need not be admissible at trial. Fed.R.Civ.P. 26(b)(1). See, also, 8 Wright & Miller, Federal Practice and Procedure, Civil § 2008 (3d ed.) ("The fact the information sought … is otherwise inadmissible at trial does not bar discovery if it is relevant to the subject matter of the action and there is a reasonable possibility that the information sought may provide a lead to other evidence that will be admissible. Questions of admissibility are best left until trial.").

Plaintiff as the proponent of discovery "bear[s] the initial burden of showing that the requested discovery is discoverable within the meaning of Rule 26." Bates v. Delmar Gardens N., Inc., 2016 WL 3543046, at *4 (E.D. Mo. June 29, 2016). "[A]fter the proponent of discovery makes a threshold showing of relevance, the party opposing a motion to compel has the burden

3

of showing its objections are valid by providing specific explanations or factual support as to how each discovery request is improper." Cincinnati Ins. Co. v. Fine Home Managers, Inc., 2010 WL 2990118, at *1 (E.D. Mo. July 27, 2010). "[T]the scope of discovery in connection with other potentially similar accidents is much broader than the question of whether the other accident information is sufficiently similar to be admissible at trial." Taber v. Ford Motor Co., 2017 WL 4391779, at *8 (W.D. Mo. Sept. 29, 2017).

Although evidence of prior accidents may be admissible to prove notice on the part of a defendant, any such accidents admitted "must be sufficiently similar in time, place, or circumstances to be probative." Thomas v. Chrysler Corp., 717 F.2d 1223, 1225 (8th Cir. 1983) (internal quotation omitted).

> Evidence of other accidents may be relevant to the defendant's ability to correct known defects, the magnitude of the danger, the lack of safety for intended uses, or causation. It can also prove notice of the existence of defects. However, evidence of other injuries may also raise extraneous controversial points, lead to confusion of issues, and present undue prejudice disproportionate to its usefulness. For other accident evidence to be admissible, the proponent of the evidence must show that the facts and circumstances of the other incident are substantially similar to the case at bar. The admissibility of other accident evidence is within the discretion of the trial court and its decisions will not be disturbed unless there is a clear and prejudicial abuse of discretion.

Drabik v. Stanley-Bostitch, Inc., 997 F.2d 496, 508 (8th Cir. 1993) (citations omitted); see also Lewy v. Remington Arms Co., Inc., 836 F.2d 1104, 1109 (8th Cir. 1988) (for prior accidents to be relevant to establish notice to defendant, accidents "must have occurred under circumstances substantially similar"); Lovett v. Union Pacific R.R. Co., 201 F.3d 1074, 1081 (8th Cir. 2000) ("[e]vidence of similar incidents may be relevant to prove the defendant's notice of defects, the defendant's ability to correct known defects, the magnitude of the danger, the product's lack of safety for intended uses, or causation.") (citation omitted).

**III.    Discussion**

Although Defendant objects to producing the other similar incidents involving other Ryobi table saws on the basis that the information is not relevant or proportional to the needs of the case, the Court finds otherwise in that the other similar incidents may be relevant to notice of the dangerous condition and product defect as alleged by Plaintiff in his Complaint.  See Hofer v. Mack Trucks, Inc., 981 F.2d 377, 381 (8th Cir. 1992) ("[D]iscovery may be allowed where a plaintiff alleges that the defendant was on notice of a defect, that an alternative design was feasible and the defendant had knowledge of the same, that a defendant did not eliminate a previously occurring defect in design, or that previous, similar accidents related to the accident at issue had occurred.").

Given the procedural posture of the case, the undersigned believes that Plaintiff cannot be required to offer proof of substantial similarity before being able to obtain the evidence requested. "Information necessary to determine whether products are similar will ordinarily be within the control of the manufacturer and/or designer.  The rules cannot be read as imposing a 'Catch-22' that would require proof of similarity before a party may discover evidence of similarity." Albee v. Cont'l Tire N. Amer. Inc., 2010 WL 1729092, at *7 (E.D. Cal. April 27, 2010).  The scope of discovery with respect to other potentially similar accidents is much broader than the question of whether the other accident information is sufficiently similar to be admissible at trial.  See State Farm Fire and Casualty Co. v. Black & Decker, Inc., 2003 WL 103016, at *4 (E.D. La. Jan. 9, 2003) ("Unlike at trial, where evidence of similar accidents is admissible only if those accidents are shown to be substantially similar, a court may allow discovery of similar accidents provided that the circumstances surrounding the other accidents are similar enough that discovery concerning those incidents is relevant to the circumstances of the instant case.").  If deemed necessary, Defendant can seek more definitive evidentiary rulings before trial in a motion in limine.  See Peterson v. Auto

Wash Mfg & Supp. Co., 676 F.2d 949, 953 (8th Cir. 1982) (For discovery purposes, the court need only find that the circumstances surrounding the other accidents are similar enough that discovery concerning those accidents is reasonably calculated to lead to the uncovering of substantially similar occurrences). Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Order Compelling Discovery Pursuant to Rule 37 (ECF No. 42) is GRANTED.

**IT IS FURTHER HEREBY ORDERED** that, no later than September 9, 2019, Defendant shall supplement its responses to Plaintiff's interrogatory and request for production, in accordance with the discussion above.

Dated this 19th day of August, 2019.

/s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE