UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY MIRAVALLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:18 CV 304 JMB |
| ) | |
| ONE WORLD TECHNOLOGIES, INC., ) | |
| d/b/a RYOBI and RYOBI POWER TOOLS, ) | |
| and HOME DEPOT, U.S.A., INC., ) | |
| d/b/a THE HOME DEPOT, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Timothy Miravalle's ("Miravalle") Motion for Order Compelling Discovery Pursuant to Rule 37 (ECF No. 55). Miravalle requests the Court to order Defendant One World Technologies, Inc. ("One World") to "produce documents in response to topics listed in Plaintiff's Rule 30(b)(6) Notice of Deposition Duces Tecum ("NOD") … directed to Defendant One World Technologies, Inc." (ECF No. 55 at 1) One World has filed a response in opposition (ECF No. 56) and the issues are fully briefed. The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c). For the reasons set forth below, and based on the record, pleadings, and argument of counsel, the Court will grant in part, deny in part, and moot in part Miravalle's motion.

**I.   Background**

This action arises out of the injury to Miravalle's left hand and fingers sustained while operating a Ryobi table saw ("Ryobi saw") designed, manufactured, marketed, distributed and sold by Defendants One World Technologies, Inc. and Home Depot, U.S.A., Inc.. (Complaint, ECF No. 1 at ¶ 8) The Ryobi saw has been identified by the parties as Model #BTS12S, with serial

1

number XX100335784.[1]  Id.  The Ryobi saw had a guard assembly over the blade when purchased. (Id. at ¶ 10)

The accident occurred when Miravalle attempted to make a freehand cut into an engineered floorboard by operating the Ryobi saw after removing the guard assembly.  (Id. ¶ 10; Pltf's Depo. at 126)

Miravalle brought claims for strict liability product defect (Count I), strict liability failure to warn (Count II), and product liability, negligent manufacture, design, warn (Count III).

A review of Defendants' Rule 26(a)(1) initial disclosures shows Defendants produced materials relating to the design process of the Ryobi saw and materials that would have accompanied the Ryobi saw (e.g., operator's manual, repair sheet, testing, labels, new product qualification, packaging, product evaluation and acceptance criteria, product initialization request, inspection sheet, regulatory documents, problem summary report, and safety review).  (Exhibits attached to One World's October 21, 2020, email)  Miravalle served his Request for Production of Documents pursuant to Rule 34 on February 7, 2019, and One World responded on March 25, 2019. On November 15, 2019, pursuant to the Court's Order granting Miravalle's motion for order to compel discovery, One World supplemented its response to production request 1, seeking documents relating to any injury claim resulting in a hand injury caused by contact with the blade of a Ryobi table saw from 2000 through February 23, 2012.  (ECF Nos. 42 and 45)

---

[1] "The model of table saw at issue in this case is the BTS12S.  This is one of the smallest and lightest entry-level saws produced by [One World Technologies, Inc. d/b/a Techtronic Industries Power Equipment ("TTIPE")] and is significantly different than many of the other saws TTIPE sells." (Declaration of Andrew Hornick at ¶ 5).  "There are generally recognized categories of table saws – benchtop saws, contractor saws, and cabinet saws.  Cabinet and contractor saws are large and designed for use in an industrial or large workshop setting such as a woodworking shops."  Id. at 83 n.2.

On February 13, 2020, Miravalle's counsel contacted the Court seeking leave to take One World's deposition pursuant to Rule 30(b)(6) after the expiration of the February 14, 2020, discovery deadline.  See  Case Management Order (ECF No. 46)  The Court agreed to allow Miravalle to take the corporate designee deposition after the discovery deadline.  After conferring with the parties, the Court permitted Miravalle another extension of the discovery cutoff so that Miravalle could complete the corporate designee deposition.

In February 18, 2020 email, to Miravalle's counsel requested additional time "to allow for a corporate representative deposition" and also stated that "[i]nformation regarding other similar incidents/injuries was the subject of dispute between the parties, and ultimately the Court ruled that Miravalle was entitled to this discovery.  The information responsive to this discovery will be a significant part of a corporate representative deposition."  (ECF No. 56, Exh. A)  Miravalle's counsel listed his trial commitments and his law partner's maternity leave as reasons for the delay in scheduling the corporate representative deposition.  Id.  In response, One World's counsel noted as follows:  "I have not seen a 30(b)(6) notice designating topics, but I assume [Miravalle's counsel] would want to depose our product safety engineer."  Id.

On February 25, 2020, eleven days after the discovery close date, Miravalle's counsel sent the Notice of Deposition ("NOD") to One World's counsel.  The NOD contains four sections: preliminary definitions, preliminary general instructions, testimony/topics, and documents to be produced.  (ECF No. 55 at 2, Exh. A)

After reviewing Miravalle's NOD, One World questioned Miravalle's attempt to obtain documents under the guise of a Rule 30(b)(6) deposition notice and the propriety of the scope of

3

the NOD. On October 1, 2020, the parties contacted the Court indicating that they had reached an impasse regarding the propriety of Miravalle's document request in the NOD.[2]

The parties have narrowed their dispute to testimony and document requests related the following seven topics contained in ¶¶ 11, 12, 13, 14, 16, 21, 22, and 26 in Miravalle's NOD:

11. One World's relationship to the Power Tool Institute, Inc. a/k/a Power Tool Institute, including but not limited to One World's history, role, and nature of the relationship with Power Tool Institute.

**Defendant objects to this topic as vague, overbroad and seeking information not relevant to the claims in this case and disproportionate to the needs of the case.**

12. One World's business dealings with Dr. Stephen Gass and Sawstop technology.

**Same objection.**

13. One World's efforts to develop and incorporate flesh detection technology in its table saws.

**Same objection.**

14. One World's marketing efforts for its model BTS12S table saws, including but not limited to, One World's target consumer criteria for the model BTS12S table saw.

**Same objection.  But, defendant will look for documents related to this topic.**

16. One World's participation in a Joint Venture with other members of Power Tool Institute to develop flesh detection technology in table saws.

**Same objection.**

21. Any trouble reports, assembly problems, defect investigations, government inquiries, product problems, consumer complaints, and the like that is any way related to the blade, operator's manual, product instructions, product warnings or blade guard assembly for the model BTS12S table saw or other similar table saws.

**Same objection.  Defendant has already produced information on other alleged table saw accidents in compliance with the Court's order.  Defendant has not produced any**

---

[2] The undersigned notes that the parties have been working together to complete this 30(b)(6) deposition, but due to COVID-19 restrictions on travel and access to offices/personnel, the parties have had to postpone this deposition on a couple of occasions.

**information related to government inquiries on table saws, but notes much responsive information is available to the public and already in the possession of plaintiff's expert witness.**

The parties have narrowed the subject of this topic to "government inquiries."

22.  Any and all communications with the US Consumer Product Safety Commission, or other governmental agency on the subject of table saw blade-to-flesh contact injuries and/or flesh detection technology.

**Same objection.  Defendant has already produced information on other alleged table saw accidents in compliance with the Court's order.  Defendant has not produced any information related to government inquiries on table saws, but notes much responsive information is available to the public and already in the possession of plaintiff's expert witness.**

26.  One World's research  into table saw related blade-to-flesh injuries between the years 2000 and 2012.

**Same objection.**

Miravalle asserts that these topics and corresponding documents "are relevant to both [Miravalle's] theory (that flesh-detection technology was an available and feasible in the subject product)" and "to his lack of adequate warning theory of liability" and "[t]estimony/documents on these subjects go to the heart of the case."  (October 1, 2020 email, attachment)  Miravalle notes that "[g]iven the significant number of other similar incidents produced  in this case, along with the significant prior litigation involving [One World's] table saws with the same theories of liability as [Miravalle's] herein, it stands to reason that [One World] has readily available documents in its position(*sic*) regarding these subjects."  Id.  In response, One World asserts "that flesh-detection technology was not a feasible design for the subject product." Id.

On October 29, 2020, the Court held a Zoom discovery conference in an effort to informally resolve this dispute without Miravalle filing a motion to compel.  Being unable to resolve the dispute informally, the undersigned directed counsel to brief this discovery dispute.

5

**II.     Legal Standards**

Federal Rule of Civil Procedure 30(b)(6) permits a party to depose an entity, and the organization must then "designate one or more officers, directors, or managing agents" to "testify on its behalf."  The party taking the deposition "must describe with reasonable particularity the matters for examination."  Fed.R.Civ.P. 30(b)(6).  "The person[] designated must testify about information known or reasonably available to the organization."  Id.

Rule 34 contemplates formal service of request for production of documents.  A request for production of documents has to be filed less than thirty days before the close of discovery to be timely.  See Rule 34(b)(2)(A) (responses to request for production of documents due within thirty days of service).  The courts in this district have held that discovery requests filed less than thirty days before the close of discovery are untimely.  Rudd v. Alliance One Receivables Mgmt., Inc., 2011 WL 3702999, at *2 (E.D.Mo. Aug. 23, 2011) ("Similarly, plaintiff did not display diligence in the pursuit of discovery; his request for production of documents was filed less than 30 days before the close of the discovery and thus was untimely."); Dekalb Genetics Corp. v. Syngenta Seeds, Inc., 2008 WL 382385, at *3 (E.D.Mo. Feb. 12, 2008).

The Advisory Committee notes accompanying the 1970 amendment to Rule 30, which created the 30(b)(6) procedure, provides for a request of a corporate designee deposition which may be accompanied by a request under Rule 34 to produce documents and tangible things at the deposition.  See Federal Rules of Civil Procedure, Advisory Committee Notes, 1970 Amendments; Fed.R.Civ.P. 30(b)(2) ("The notice to a party deponent may be accompanied by a request under Rule 34 to produce documents and tangible things at the deposition."), Fed.R.Civ.P. 30(b)(5) (any deposition notice which is served on a party deponent and which requests documents to be produced at the deposition must comply with Rule 34's thirty-day

6

notice requirement); see also Richardson v. Rock City Mech. Co., LLC, 2010 WL 711830, at *4 (M.D. Tenn. Feb. 24, 2010) (noting that "[t]here is no reason to believe that a Rule 30(b)(6) deposition is not subject to Rule 30(b)(2)").

District courts are accorded wide discretion in dealing with discovery matters. Centrix Fin. Liquidating Trust v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA, 2013 WL 3225802, at *2 (E.D. Mo. June 25, 2013) (citing Cook v. Kartridge Pak Co., 840 F.2d 602, 604 (8th Cir. 1988)). Because discovery rules "'should be construed to secure the just, speedy, and inexpensive determination of every action,' … judges should not hesitate to exercise appropriate control over the discovery process." Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket No. 2, (8th Cir. 1999) (quoting Herbert v. Lando, 441 U.S. 153, 177 (1979)).

### III.   Discussion

On February 25, 2020, Miravalle served the NOD on opposing counsel and made a request for the production of additional documents. In the NOD, Miravalle requested a number of documents to be produced that Miravalle had neither requested nor sought these categories of information in earlier written discovery. The record shows that Miravalle never served a Rule 34 request for production of documents, requesting these additional documents within the time limits of Rule 34. Accordingly, Miravalle failed to timely propound this discovery request. See Rule 34(b)(2)(A); Rudd, 2011 WL 370299, at *2.

The Court finds that Miravalle cannot use the Rule 30(b)(6) notice of corporate designee deposition to attempt to avoid the timing limitations imposed on Rule 34 request for production of documents. Accordingly, the Court will not interpret Rule 30(b)(6) to allow Miravalle to circumvent the requirements of Rule 34. Because the thirty-day period established in Rule 34 for a party receiving service of a request for production of documents had not been shortened by

stipulation of the parties, to be timely, this request for production of documents would have to been served at least thirty days prior to the discovery deadline, in this case February 14, 2020. The Court only granted an extension of time to complete the corporate designee deposition as requested by Miravalle, not to serve a request for production of documents.  Indeed, all of Miravalle's correspondence requesting an extension of the discovery schedule only sought an extension to take a corporate representative deposition, not to re-open document discovery. (ECF No. 56, Exhs. A, B, and C)  Moreover, Miravalle made this request two days before the discovery deadline and two weeks before the summary judgment and <u>Daubert</u> deadlines, and Defendants "had done substantial work in preparing those motions based on the record of the case.  Starting over on document requests that could have been requested years earlier would work to the prejudice of Defendants."  (ECF No. 56 at 3)

With respect to topics 11, 12, 13, 16, and 26, the Court finds said discovery is seeking information that is neither relevant to the claims in this case, nor previously requested in the earlier document requests.  Accordingly, Miravalle may not question the corporate designee about these topics during the deposition.

With respect to  topic 14, the Court finds that One World indicated that it would "look for documents related to this topic."  (October 1, 2020, email, attachment)  If One World finds such documents, it should produce such documents two weeks before the corporate designee deposition.  Moreover, during the corporate designee deposition, Miravalle may question the corporate designee about this topic.

With respect to topics 21 and 22, the Court finds that One World indicated that it "has already produced information on other alleged table saw accidents in compliance with the Court's order.  Defendant has not produced any information related to government inquiries on

table saws, but notes much responsive information is available to the public and already in the possession of plaintiff's expert witness." Id.  The Court finds said discovery is seeking information that has already been produced and/or available to the public in the possession of Miravalle's expert witness.  Accordingly, the Court will deny as moot the document request but permit questioning the corporate designee about these topics during the deposition.

For the foregoing reasons, the Court finds One World's objection to production of additional documents during the corporate designee deposition to be with merit.  Miravalle never timely requested the production of documents thirty days before the closure of discovery as required by Rule 34.  Thus, One World need not produce documents related the following seven topics contained in ¶¶ 11, 12, 13, 14, 16, 21, 22, and 26 during the Rule 30(b)(6) deposition.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Timothy Miravalle's Motion for Order Compelling Discovery Pursuant to Rule 37 (ECF No. 55) is GRANTED in part, DENIED in part, and Moot in part  as set forth above.

**IT IS** FURTHER **ORDERED** that One World shall designate one corporate representative to provide deposition testimony with respect to information topics 1-10, 14, 17-25, and 27-28 in Miravalle's NOD.  One World is not required to produce a Rule 30(b)(6) deponent for topics contained in ¶¶ 11-13, 15-16, 21-22, and 26 for the reasons set forth herein.  One World is not required to produce any documents for the reasons set forth herein.

        */s/ John M. Bodenhausen*
        JOHN M. BODENHAUSEN
        UNITED STATES MAGISTRATE JUDGE

Dated this 17th day of December, 2020.