UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY MIRAVALLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:18 CV 304 JMB |
| ) | |
| ONE WORLD TECHNOLOGIES, INC., ) | |
| d/b/a RYOBI and RYOBI POWER TOOLS, ) | |
| and HOME DEPOT, U.S.A., INC., ) | |
| d/b/a THE HOME DEPOT, ) | |
| ) | |
| Defendants. ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court on Plaintiff Timothy Miravalle's ("Miravalle") Motion for Reconsideration, Clarification, and Relief from the Court's December 17, 2020, Order (ECF No. 59).[1] Defendant One World Technologies, Inc. ("One World") has filed a response in opposition, and the issues are fully briefed. All matters are pending before the undersigned United States Magistrate Judge with the consent of the parties, pursuant to 28 U.S.C. § 636(c). For the reasons set forth below, Miravalle's motion will be granted and denied in part.

**I.     Background**

This action arises out of the injury to Miravalle's left hand and fingers sustained while operating a Ryobi table saw ("Ryobi saw") designed, manufactured, marketed, distributed and sold by Defendants One World Technologies, Inc. and Home Depot, U.S.A., Inc.. (Complaint, ECF No. 1 at ¶ 8) The Ryobi saw

---

[1] Miravalle did not frame his motion for reconsideration under the Federal Rules of Civil Procedure, but it can be considered the functional equivalent of motion under either Rule 59(e) or 60(b). The Federal Rules of Civil Procedure do not mention motions for reconsideration, only motions to alter or amend judgments (under Rule 59) and motions for relief from judgments or order (under Rule 60). Neither of these rules applies here because the Memorandum and Order Miravalle seeks to have reconsidered is not a final judgment or order, but rather an interlocutory or nondispositive decision.

1

has been identified by the parties as Model #BTS12S, with serial number XX100335784.  Id.  The Ryobi saw had a guard assembly over the blade when purchased.  (Id. at ¶ 10)  The accident occurred when Miravalle attempted to make a freehand cut into an engineered floorboard by operating the Ryobi saw after removing the guard assembly.  (Id. ¶ 10; Pltf's Depo. at 126)  Miravalle brought claims for strict liability product defect (Count I), strict liability failure to warn (Count II), and product liability, negligent manufacture, design, warn (Count III).

In the December 17, 2020, Memorandum and Order, the Court granted in part and denied in part Miravalle's Motion for Order Compelling Discovery Pursuant to Rule 37 (ECF No. 55). Specifically, the Court found that  One World's objection to production of additional documents during the corporate designee deposition to be with merit and that One World need not produce documents related the seven topics contained in ¶¶ 11, 12, 13, 14, 16, 21, 22, and 26 during the Rule 30(b)(6) deposition.  The Court further concluded that "[w]ith respect to topics 11, 12, 13, 16, and 26, the Court finds said discovery is seeking information that is neither relevant to the claims, nor previously requested in earlier document requests.  Accordingly, Miravalle may not question the corporate designee about these topics during the deposition." (ECF No. 57 at 8)

Miravalle asks the Court to reconsider its December 17, 2020, Memorandum and Order with regard to the propriety of listed topics for questioning during the corporate designee deposition.  In support of his motion, Miravalle attached Defendant One World Technologies, Inc.'s Answers and Objections to Plaintiff's Interrogatories (ECF No. 59-2, Exh. B) and Ed Beard's Preliminary Report dated February 15, 2019.  (ECF No. 59-3, Exhibit C)  A review of these exhibits shows that Miravalle sought discovery regarding One World's efforts to develop flesh-sensing or similar type technology and research into table-saw related blade-to-flesh injuries between 2000 and 2012, Sawstep's flesh detection technology, and saw model product problems/defects/investigations/complaints/government inquiries.,

In opposing Miravalle's motion for reconsideration, One World notes that although the purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence, Miravalle has not shown any manifest error of law or fact in the Court's Order, nor has he presented any newly discovered evidence.

**II.    Legal Standard**

The Court has the authority to reconsider its own interlocutory decisions, and the inherent authority to revise any order before entry of judgment.  Fed.R.Civ.P. 54(b) (providing that "any order or other decision, however designated, that adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties … may be revised at any time before the entry of a judgment").

"[A] motion for reconsideration serves the limited function of correcting manifest errors of law or fact or presenting newly discovered evidence."  United States v. Luger, 837 F.3d 870, 875 (8th Cir. 2016) (internal quotations omitted).  Such a motion "is not a vehicle to identify facts or legal arguments that could have been, but were not, raised at the time the relevant motion was pending."  Julianello v. K-V Pharmaceutical Co., 791 F.3d 915, 923 (8th Cir. 2015).  Although the Court has the power under Rule 54(b) to revisit its prior decisions, the Court "should be loath to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'"  Evans v. Contract Callers, Inc., 2012 WL 234653, at *2 (E.D. Mo. Jan 25, 2012) (quoting Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988)).

**III.    Discussion**

The Court has reconsidered its December 17, 2020, Memorandum and Order with regard to the propriety of listed topics for questioning during the corporate designee deposition based on

3

Miravalle's newly submitted evidence, Defendant One World Technologies, Inc.'s Answers and Objections to Plaintiff's Interrogatories (ECF No. 59-2, Exh. B) and Ed Beard's Preliminary Report dated February 15, 2019.  (ECF No. 59-3, Exhibit C)  A review of these exhibits shows that Miravalle sought discovery regarding One World's efforts to develop flesh-sensing or similar type technology and research into table-saw related blade-to-flesh injuries between 2000 and 2012, Sawstep's flesh detection technology, and the saw model product problems/defects/investigations/complaints/government inquiries.  Miravalle may question the corporate designee about the topics ¶¶ 12-13, 16, and 26 inasmuch as Miravalle previously sought discovery regarding these topics.  Accordingly, the motion for reconsideration will be granted and denied in part.

**IT IS HEREBY ORDERED** that Plaintiff Timothy Miravalle's Motion for Reconsideration, Clarification, and Relief from the Court's December 17, 2020, Order (ECF No. 59) is **Granted in part and Denied in part**.

**IT IS FURTHER ORDERED** that One World shall designate one corporate representative to provided deposition testimony with respect to information topics ¶¶ 1-10 and 12-28 in Miravalle's Notice of Deposition.  One World is not required to produce a Rule 39(b)(6) deponent for topics contained in ¶ 11.  One World is not required to produce any documents during the corporate designee deposition.

**IT IS FURTHER ORDERED** that Miravalle's Request for oral argument is **Denied**.

/s/ *John M. Bodenhausen*<br>
JOHN M. BODENHAUSEN<br>
UNITED STATES MAGISTRATE JUDGE

Dated this 8th day of February, 2021.